THE TREASURER OF THE CITY OF PLAINFIELD, DE-
FENDANT IN CERTIORARI, v. EDWARD MARCELLUS,
JR., BY PRO. AMI, PROSECUTOR IN CERTIORARI.

Argued February 19, 1902—Decided June 9, 1902.

1. A judgment rendered by the City Court of Plainfield that a person
   convicted of violating a city ordinance should "pay a fine of fifteen
   dollars, or stand committed to the county jail for a term of forty
   days," is illegal under section 3 of the supplement to the city
   charter, approved March 18th, 1874.
2. An error apparent on the face of a judgment is sufficiently set
   forth in the general reason assigned on *certiorari*, that the judg-
   ment is unlawful.
3. The court may, in its discretion, reverse a summary conviction for
   a reason sufficiently assigned by the prosecutor in *certiorari*, but
   not presented in argument by his counsel.

On *certiorari*.

Before Justices DIXON and COLLINS.

For the prosecutor in *certiorari*, W: S. Engelman.

For the defendant in *certiorari*, Craig A. Marsh.

The opinion of the court was delivered by

DIXON, J.   The defendant in *certiorari* moves to dismiss
this writ on the ground that no reasons were filed after the
return thereto, as required by rule 55.   This motion was made
when the prosecutor brought up the cause for final hearing,
and submitted a state of the case containing a paper which
purported to be reasons for reversal of the judgment below.
This paper is dated on the day before the allowance of the
writ, and the defendant claims that it merely shows the reasons
presented for the allowance.   But as the document is included
in the state of the case submitted on final hearing, and on its
face appears to set forth the reasons for reversal, not merely
for allowance of the writ, we think it was incumbent on the

defendant to satisfy us that it had been irregularly filed, and then to move that it be struck from the files. By that procedure the prosecutor would have been put on his guard and might have obtained leave to perfect his case. As the matter stands, the reasons should be regarded as duly filed.

The writ brings up a judgment rendered in the City Court of Plainfield against the present prosecutor for violating a municipal ordinance. The judgment is that he "pay a fine of fifteen dollars, or stand committed to the county jail for a term of forty days;" and on this judgment he was imprisoned.

The judgment is illegal.

The third section of a supplement to the city charter, approved March 18th, 1874 (*Pamph. L., p.* 302), enacts that, for violation of a city ordinance, the penalty shall not exceed $100 or sixty day imprisonment, or both; and if the fine imposed be not paid the party convicted may be committed for a period not exceeding twenty days.

The first clause of this enactment authorizes simply an absolute penalty, which leaves no alternative to the defendant, and therefore the present judgment, which gave the defendant an alternative, cannot be sustained on that clause. The second clause permits an alternative judgment, but limits the alternative of imprisonment to twenty days; the present judgment transgresses that limit.

This error, being apparent on the face of the record, is, according to the practice of the court, sufficiently set forth in the general reason alleging the unlawfulness of the conviction. *Griffith* v. *West,* 5 *Halst.* 350.

Although this error escaped the notice of counsel for the prosecutor, yet under the circumstances of the case we have deemed it just to consider it. The prosecutor is a boy fourteen years old; the offence for which he was convicted consisted in the use of profane language; he was arrested without warrant in the evening and confined in jail until the next morning, when he was tried without written complaint and without counsel, friend or witnesses. Such a case seems to invoke the scrutiny of the court as well as of counsel.

To avoid surprise we have called the attention of counsel for the municipality to the point, and his only suggestion in support of the judgment is that the pecuniary penalty may be rejected as surplusage and the judgment be regarded as an absolute one of imprisonment for forty days, which the charter would allow. But that should not be done, because it would substantially change the judgment as pronounced by the only tribunal having power to render judgment in the cause. .

The judgment of the City Court should be reversed, without costs.